IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50332
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELMAR RAY TRUELOVE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(EP-95-CR-47-DB

_____

January 25, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Delmar Ray Truelove pleaded guilty to criminal contempt, 18 U.S.C. § 401, and was sentenced to imprisonment for 18 months. Truelove argues for the first time on appeal that the district court erred as a matter of law by allowing him to waive his right to the preparation of a presentence report. He also argues for the first time on appeal that the district court erred by failing to sentence him according to the Sentencing Guidelines.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Because Truelove failed to raise these errors of law in the district court, we review them for plain error.[1]  Fed.R.Crim.P. 52(b).  Under Rule 52(b), this court may correct forfeited errors only when the defendant shows the following:  (1) there is an error, (2) it is clear or obvious, and (3) it affects the defendant's substantial rights.  United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc) (citing United States v. Olano, 113 S.Ct. 1770, 1776 (1993)), cert. denied, 115 S.Ct. 1266 (1995).  "[I]n most cases, the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding."  Id. at 164 (citing Olano, 113 S.Ct. at 1778).  The defendant bears the burden of persuasion on this element.  Id.  "Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the `affecting substantial rights' prong of Rule 52(b)."  Olano, 113 S.Ct. at 1778.  Even if the defendant makes the requisite showing of plain error, the court is not required to correct that error.  37 F.3d at 164 (citing Olano).

We do not address the first two elements of the plain error standard because Truelove has failed to make the requisite showing of prejudice.  Truelove in fact makes no argument in his brief that he was prejudiced by the district court's alleged errors, i.e., that his sentence would have been different but for the alleged errors.  37 F.3d at 165.

---

[1]Truelove concedes on appeal that plain error analysis is the correct standard of review.

Concluding that Truelove failed to show plain error, we AFFIRM the sentence of the district court.[2]

A F F I R M E D.

---

[2]We are cognizant of the Ninth Circuit's decision in United States v. Turner, 905 F.2d 300 (9th Cir. 1990), finding reversible error on similar facts. The court, however, did not engage explicitly in plain error review in reaching its conclusion. Id. We assume that the defendant in that case, unlike here, met his burden of showing plain error.